UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN WILKOFSKY, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF MUSICIANS, LOCAL 45; ALLENTOWN SYMPHONY ASSOCIATION INC, <br><br> Defendants. | Case No. 5:22-cv-1424 <br><br> (Hon. _____) <br><br> **COMPLAINT** |

AND NOW comes Plaintiff Glen Wilkofsky, by and through his undersigned attorneys, and states the following claim for relief against Defendants American Federation of Musicians, Local 45 ("Union"); and Allentown Symphony Association Inc ("Symphony") (collectively "Defendants"), and avers as follows:

**SUMMARY OF THE CASE**

1. Defendants have acted in concert and under color of state law to force a professional musician, who has been in the symphony for over 20 years, to be a member of and financially support a union or lose his position, violating his First and Fourteenth Amendment rights, which protect him from forced association with and financial support of a union. *See Kabler v. United Food & Com. Workers Union, Loc. 1776 Keystone State*, No. 1:19-cv-395, 2020 WL 1479075, at *3 (M.D. Pa. Mar. 26, 2020); *Otto v. Pa. State Educ. Ass'n*, 330 F.3d 125, 128 (3d Cir. 2003); *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

2. Defendants, through their collective bargaining agreement ("CBA"), and joint policies and practices, have violated Plaintiff's First Amendment rights by enforcing their requirement that, as a condition of employment, he be a union member and financially support the Union as a condition of his employment.

1

3.      Plaintiff seeks declaratory and preliminary and permanent injunctive relief against Defendants for violation of his First and Fourteenth Amendment rights, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This action arises under the Constitution and laws of the United States of America—specifically the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983—to redress the deprivation, under color of state law, of Plaintiff's rights, privileges, and immunities under the First and Fourteenth Amendments of the United States Constitution.

5.      This court has jurisdiction of Plaintiff's claims under 28 U.S.C. § 1331 because his claims arise under the United States Constitution.

6.      This court has jurisdiction of Plaintiff's claims under 28 U.S.C. § 1343 because he seeks relief under 42 U.S.C. § 1983.

7.      This action is an actual controversy in which Plaintiff seeks a declaration of his rights under the United States Constitution. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare Plaintiff's rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are domiciled in and operate or do business in this judicial district, and the events giving rise to this action occurred in this judicial district.

## PARTIES

9.      Plaintiff Glen Wilkofsky is a citizen of the United States and employed as a tenured musician by the Symphony and is thus a "public employe" within the meaning of Section 301(2) of Pennsylvania's Public Employe Relations Act ("PERA"). 43 Pa. Cons. Stat. § 1101.301(2). Plaintiff is

2

a member of a bargaining unit that is exclusively represented by the Union for the purpose of collective bargaining.

10. The Union is an "employe organization" within the meaning of Section 301(3) of PERA. 43 Pa. Cons. Stat. § 1101.301(3). The Union is a party to the CBA between the Symphony and the Union. Pursuant to the CBA, the Union is the exclusive representative of the musicians employed by the Symphony for the purpose of collective bargaining. The Union is located at 519 East Paoli Street, Allentown, Pennsylvania 18103.

11. The Symphony is a "public employer" within the meaning of Section 301(1) of PERA. 43 Pa. Cons. Stat. § 1101.301(1). Under PERA, a "public employer" includes "any nonprofit organization or institution and any charitable, religious, scientific, literary, recreational, health, educational or welfare institution receiving grants or appropriations from local, State or Federal governments . . . ." *Id.* The Symphony has a registered address of 23 North 6th Street, Allentown, Pennsylvania 18101, and the Symphony is a party to the CBA and other agreements governing the terms and conditions of Plaintiff's employment. The Symphony is the operating organization of the Allentown Symphony Orchestra ("Orchestra").

## FACTUAL ALLEGATIONS

12. The Pennsylvania Labor Relations Board certified the Union as the exclusive representative for certain employees of the Symphony, including Plaintiff, "pursuant to Section 603(c) of the Public Employe Relations Act." Nisi Order of Certification at 1, *In re the Employes of Allentown Symphony Association*, No. PERA-R-99-252-E (Pa. Labor Rels. Bd. Nov. 23, 1999).

13. Acting in concert under color of state law, Defendants have entered into the CBA that controls the terms and conditions of Plaintiff's employment.

14. PERA authorizes public employers and employee organizations and/or representatives to engage in collective bargaining relevant to membership dues deductions. 43 Pa. Cons. Stat. § 1101.705.

15. The term of the CBA governing Plaintiff's employment is July 1, 2019, through June 30, 2023. Relevant portions of the CBA are attached hereto as "Exhibit A," and incorporated by reference herein.

16. The CBA contains a "Union Security and Access" clause, which requires all musicians to become members of the Union and maintain their union membership as a condition of employment. Ex. A, art. 2, sec. 2.1. Maintenance of union membership includes "the proper payment of the Union initiation fees [and] membership dues," as a condition of musicians' employment. *Id.*

17. The CBA's "Union Security and Access" article allows musicians employed by the Symphony to have their employment terminated if they fail to join the Union or maintain their union membership. Ex. A., art. 2, sec. 2.2.

18. Plaintiff auditioned for the Orchestra and was selected for the role of Principal Timpanist in November 2001.

19. At all relevant times hereto, Plaintiff was a musician for the Symphony as defined by the CBA.

20. Within one month of commencing his role as Principal Timpanist, Plaintiff became a union member.

21. Plaintiff became a union member and began financially supporting the Union because the Symphony told Plaintiff he had to be a member of the Union and financially support the Union as a condition of his employment.

22. If the Symphony had not required union membership and financial support of the Union as a condition of employment, Plaintiff would not have joined the Union, and Plaintiff would not have financially supported the Union.

23. On June 27, 2018, the Supreme Court ruled in *Janus* that the Constitution prohibits forcing public employees to financially support a union as a condition of employment.

24. Despite the Supreme Court's decision in *Janus*, Defendants, by and through their agents or officials, have enforced and continue to enforce the requirement in their CBA that employees, including Plaintiff, financially support the Union as a condition of employment.

25. As a result of Defendants enforcing the union membership and payment requirements of their CBA and misrepresenting Plaintiff's rights to him, Plaintiff remained a member of the Union and continued to financially support the Union against his will until 2020.

26. Plaintiff has chosen not to financially support the Union since approximately January 2020.

27. In May 2021, the Union Shop Steward Debbie Reilly informed Plaintiff by email that, due to his choice not to financially support the Union, Plaintiff was "on the suspended list" and that if he did not re-join the Union and pay the Union, Ms. Reilly would have to "notify the personnel manager at the ASO and Carol Yale, AFM Local 45 President to begin the legal process."

28. Following Ms. Reilly's correspondence, Plaintiff received three letters from the Union informing him that he was expelled from the Union "for failure to pay dues for 2021."

29. Agents and/or representatives of the Symphony received copies of the Union's three letters.

30. In its three letters, the Union cited Article 2, Section 2.1 of the CBA and informed Plaintiff that he "must, as a condition of employment, either join Local 45 or pay an agency fee to Local 45."

31. Since Plaintiff's suspension from the Union in May 2021, the Symphony has not allowed Plaintiff to perform with the Orchestra. Plaintiff desires to perform with the Orchestra at the May 20, 2022, concert and has made the Symphony aware of such desire.

32. The Symphony compensates Plaintiff for each individual rehearsal and concert at which Plaintiff performs. The Symphony pays Plaintiff a flat rate for each concert and a rate for each rehearsal based on the duration of the rehearsal.

33. The Symphony will not allow Plaintiff to perform with the Orchestra unless Plaintiff rejoins the Union and financially supports the Union.

34. The Symphony, by and through its agents, has told Plaintiff that it is requiring Plaintiff to rejoin as a member, and to resume financially supporting the Union at least four weeks in advance of any performance.

35. On February 2, 2022, an agent of the Symphony referred to the CBA and informed Plaintiff that he may not perform any services with the Orchestra unless and until he rejoined the Union: "I am hereby unable to offer you any services until I am provided an update from the Local that you have returned as a member of good standing with Local 45."

36. In addition, on February 2, 2022, an agent of the Symphony told Plaintiff that if Plaintiff continues not performing with the Orchestra, then he may be terminated: "I should caution that . . . should your absence continue into the 22-23 season and you fail to meet your tenure requirements, that this may lead to dismissal proceedings being initiated."

37. On March 15, 2022, an agent of the Symphony again informed Plaintiff that he was prohibited from performing "any concert with the ASO until [his] status with AFM Local 45 has been resolved."

38. Plaintiff objects to being a member of or to providing financial support to the Union in any form or for any reason.

39. Plaintiff desires to continue to perform with the Orchestra in future performances and to continue in his employment with the Symphony.

## CLAIM FOR RELIEF

## COUNT ONE
(Violation of the First and Fourteenth Amendments)

40. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

41. The First Amendment to the Constitution of the United States protects the associational, free speech, and free choice rights of United States citizens, and the Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the States.

42. The First Amendment prohibits a public employer from forcing an employee to become a member of a union or to provide financial support to a union as a condition of employment. *Kabler*, 2020 WL 1479075, at *3 ("*Janus* would clearly prohibit an employer from forcing non-union members to join a union as a precondition to their accepting public employment."); *Otto*, 330 F.3d at 128; *see also Janus*, 138 S. Ct. at 2459–60.

43. Defendants have violated and are violating Plaintiff's First Amendment rights by requiring Plaintiff to become a member of the Union as a condition of his employment with the Symphony.

44. Defendants have violated and are violating Plaintiff's First Amendment rights by requiring Plaintiff to financially support the Union as a condition of his employment.

45. Defendants are acting under color of state law—specifically the provisions of PERA and their CBA and/or other joint policies and agreements, discussed above—to force Plaintiff to become a union member and financially support the Union against his will as a condition of employment.

46. There is no state interest, compelling or otherwise, justifying the requirement that individuals be members of or provide financial support to a labor organization for any length of time.

47. Defendants, in forcing Plaintiff to become a union member and to financially support the Union, have deprived and are depriving Plaintiff of his First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

48. As a direct result of Defendants' concerted actions, taken pursuant to state law, their CBA, and/or other agreements between Defendants, and their joint policies and practices, Plaintiff:

    a. is being prevented from exercising his rights and privileges as a citizen of the United States to disassociate from the agenda, activities, expenses, and speech of the Union;

    b. is being deprived and is in imminent danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States;

    c. is in imminent danger of suffering irreparable harm, damage, and injury inherent to the violation of his First and Fourteenth Amendment rights, for which there is no adequate remedy at law; and

    d. is suffering and/or will suffer monetary damages and other harm.

49. If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiff's constitutional rights, thereby causing him irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

A. **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

i. that Article 2 of the CBA, which requires Plaintiff to become and remain a member of the Union and financially support the Union as a condition of employment with the Symphony, violates the First and Fourteenth Amendments to the United States Constitution; and

ii. that Defendants' enforcement of any requirement that Plaintiff become or remain a union member and/or financially support the Union violates Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

B. **Injunctive:** A preliminary and permanent injunction:

i. enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from:

   a. engaging in any of the activities listed in Part A above, which this Court declares unconstitutional; or

   b. enforcing Article 2 of the CBA or any substantially similar provision between Defendants that requires Plaintiff to join the Union and/or financially support the Union as a condition of employment.

ii. requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, to:

   a. expunge Article 2 of the CBA;

   b. remove from any written materials, such as audition and orientation materials, and agreements such as musician contracts, the requirement that

9

Symphony employees must become a member of and/or financially support the Union as a condition of employment;

    c.    honor Plaintiff's choice not to rejoin or financially support the Union;

    d.    restore all of Plaintiff's rights as a tenured musician provided for in the CBA and his contract with the Symphony, including but not limited to the right to participate in services; and

    e.    order Defendants to pay Plaintiff all lost wages sustained as a result of Defendants' unlawful interference with and deprivation of Plaintiff's constitutional and civil rights.

C.    **Attorneys' Fees and Costs:** A judgment awarding Plaintiff costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

D.    **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: April 11, 2022

*s/ Nathan J. McGrath*
Nathan J. McGrath
Pa. Attorney I.D. No. 308845
Email: njmcgrath@fairnesscenter.org
Danielle R. Acker Susanj
Pa. Attorney I.D. No. 316208
Email: drasusanj@fairnesscenter.org
Tessa E. Shurr
Pa. Attorney I.D. No. 330733
Email: teshurr@fairnesscenter.org
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*